**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PAUL KARLZEN and
PETER KARLZEN,

      Plaintiffs,

v.                                                              Case No. 8:25-cv-3297-KKM-SPF

SELECTIVE INSURANCE
COMPANY OF THE SOUTHEAST,

      Defendant.

_____

## ORDER

Paul and Peter Karlzen sue Selective Insurance Company of the Southeast alleging that the defendant breached their flood insurance policy by failing to adequately provide coverage. *See* Compl. (Doc. 1). Selective moves to dismiss the complaint as time barred. *See* MTD (Doc. 9). The Karlzens oppose. Resp. (Doc. 20). For the reasons below, I grant the motion.

### I.    BACKGROUND

Selective Insurance Company is a Write-Your-Own (WYO) Program Carrier[1] offering flood insurance under the National Flood Insurance Act

---

[1] The Federal Emergency Management Agency (FEMA) created the WYO program in 1983 to allow private insurers to offer Standard Flood Insurance Policies through the National Flood Insurance Program (NFIP). *See Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1349 n.1 (11th Cir. 2000).

(NFIA). *See* Compl. ¶ 4. In 2023, Selective issued a Standard Flood Insurance Policy for the Karlzens' property under Policy No. FLD2236099. *Id.* ¶¶ 4, 13; *see also* (Doc. 9-2).

In September 2024, the property flooded during Hurricane Helene. Compl. ¶ 17. Selective "acknowledged that the Property sustained a covered loss and offered payment," but it was not enough to cover all the damage. *Id.* ¶¶ 19–20.

On December 2, 2025, the Karlzens filed this suit under 42 U.S.C § 4072. *Id.* ¶¶ 4–7. They allege that Selective breached the Policy by failing to provide adequate coverage. *Id.* ¶ 27. Selective moves to dismiss, MTD, and provides copies of a November 1, 2024 coverage denial letter, Denial Letter (Doc. 9-1), the policy declarations page, (Doc. 9-2), and a declaration of its Flood Compliance and Litigation Manager, Stephen Weber, (Doc. 9-3). The Karlzens respond in opposition, Resp.[2] For the reasons below, I grant the motion in full.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This

---

[2] The Karlzens argue that the motion to dismiss is untimely. Resp. at 6, 8. They maintain that Selective was served on December 4, 2025, which would render the December 31, 2025 motion untimely. *Id.* at 6, 8–9. This is incorrect. On December 9, 2025, the Karlzens served the Florida Department of Financial Services (FDFS), which forwarded Selective the complaint on December 11, 2025. *See* Proof of Service (Doc. 17). The time to respond runs from the date that the complaint is forwarded to the defendant. *See Connor-Starr v. Liberty Life Assurance Co. of Bos.*, No 12-61877-

pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's factual allegations are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Consideration is limited "to the well-pleaded factual

---

CIV, 2012 WL 12887015 at *1 (S.D. Fla. Oct. 29, 2012) (calculating an insurer's deadline to respond from the date when the FDFS forwarded the complaint); *see also DriRite of Cent. Fla. Inc. v. Ironshore Ins., Ltd.*, No. 609-CV-1785ORL-31DAB, 2009 WL 5171771 at *2 (M.D. Fla. Dec. 22, 2009) (holding an insurer was never served where the FDFS failed to properly forward the complaint). Thus, the motion-to-dismiss clock did not start until December 11, 2025, and the December 31 motion was timely.

allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. at 544.

## III. ANALYSIS

Selective moves to dismiss the Karlzens' claim as barred by the one-year statute of limitations provided in Section 4072. MTD at 7–10. According to Selective, the plaintiffs' complaint "essentially claims that Selective has disallowed portions of the Plaintiffs' claim." MTD at 2. Because Selective issued its first disallowance of the claim on November 1, 2024, *see* Denial Letter, and the plaintiffs filed their complaint on December 2, 2025, *see* Compl., "the lawsuit is time barred," MTD at 3. I agree that the claim warrants dismissal because the November 1, 2024 denial letter gave the plaintiffs sufficient notice that their insurance claim had been partially disallowed and therefore triggered the one-year statute of limitations.

### A. Incorporation by Reference

Selective asks the Court to consider its November 1, 2024 denial letter in adjudicating the motion to dismiss. *See* MTD at 7. The Karlzens respond that "such evidence is well beyond the four corners of the Complaint," which "contains no factual basis upon which any statu[t]e of limitations argument could be raised." Resp. at 5, 9.

The Karlzens overlook the incorporation-by-reference doctrine. Although "a court generally may not consider matters outside of the pleadings without treating the motion as a motion for summary judgment," *Johnson v. Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024), the incorporation-by-reference doctrine allows a court to consider a document attached to a motion to dismiss if the attached document is (1) "central to the plaintiff's claim" and (2) "the authenticity of the document is not challenged," *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (permitting consideration of an attached written contract at the motion-to-dismiss stage).

The letter meets the requirements for incorporation by reference in the Eleventh Circuit. *See Day*, 400 F.3d at 1276; *see also 4922 Mgmt. LLC v. Selective Ins. Co.*, No. 2:24-CV-894-SPC-NPM, 2025 WL 417701, at *1 (M.D. Fla. Feb. 6, 2025) (applying the doctrine to a Standard Flood Insurance Policy denial letter in a breach of insurance contract action). First, although the Karlzens do not reference the letter in their complaint, it is central to their allegation that Selective breached the Policy by failing to "provide coverage for the Loss under the terms of the Policy." Compl. ¶ 27; *see also Johnson*, 107 F.4th at 1300. To be sure, the letter is "the denial [they] seek to challenge." *Butler v. Hartford Ins. Co. of the Midwest*, No. 8:26-CV-745-VMC-NHA, 2026 WL 1529395 at *2 (M.D. Fla. June 1, 2026) (citation modified). Second, the Karlzens do not dispute the letter's authenticity. *See* Resp. at 5, 10 (contesting

whether the letter qualifies as a denial, but not objecting to its authenticity). Because the denial letter is central to the Karlzens' claim and they do not challenge its authenticity, it qualifies for incorporation by reference.

### B. Statute of Limitations

Although the statute of limitations is generally an affirmative defense, dismissal may be proper at this stage "where it is apparent from the face of the complaint that the claim is time barred." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (citation modified). Under Section 4072, the claimant in a flood-insurance dispute may bring an action "within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator." Thus, the limitations period begins with the first disallowance and is not tolled by subsequent denials or adjustments. *See also* 44 C.F.R. § 62.22; *Rotondo v. Wright Nat'l Flood Ins. Co.*, No. 8:26-CV-00618-WFJ-CPT, 2026 WL 1579887 at *3 (M.D. Fla. June 3, 2026).

Thus, the question is whether—and when—Selective first mailed a notice of disallowance. *See Zozo Invs. LLC v. First Cmty. Ins. Co.*, No. 25-12492, 2026 WL 1021517 at *2 (11th Cir. Apr. 15, 2026) (per curiam) (assuming without discussion that a WYO carrier qualifies as the Administrator when applying the statute of limitations to a breach of insurance contract claim). District courts in the Middle District of Florida have consistently held that a written denial letter from a WYO carrier is a proper disallowance that triggers

6

the one-year statute of limitations. *See Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767 at *3 (M.D. Fla. Apr. 17, 2025) (collecting cases).

The Karlzens argue, first, that their suit is timely because they filed within one year of FEMA's *receiving* the denial letter. Resp. at 2. In the alternative, they argue that the denial letter failed to trigger the statute of limitations at all because it did not comply with FEMA Bulletin W-17013a. *Id.* at 2, 11. Both arguments misunderstand Section 4072.

As to the first argument, Section 4072 specifies that the one-year period begins after "the date of *mailing* of notice of disallowance or partial disallowance." (emphasis added); *see also Zozo Invs. LLC*, 2026 WL 1021517 at *3–4 (affirming a district court's dismissal of a suit filed more than a year after "[the WYO carrier] *mailed* the first denial letter" as time barred under Section 4072 (emphasis added)). The one-year period therefore began on November 1, 2024, when Selective issued the denial letter. *See* Denial Letter. The Karlzens filed the complaint on December 2, 2025, outside the one-year period. *See* Compl.

Second, the Karlzens argue that the letter did not trigger the statute of limitations because it did not meet the requirements of a denial letter under FEMA guidance. Specifically, the November 1 letter lacked "the date the policyholder submitted a request for payment and the specific items denied

7

and the amounts denied." Resp. at 11 (citing FEMA Bulletin W-17013a). The argument misses the mark. Section 4072 specifies that the one-year period begins after "the date of mailing of *notice of disallowance or partial disallowance.*" 42 U.S.C. § 4072 (emphasis added). The Karlzens cite no authority for their argument that a letter cannot provide notice of partial disallowance unless it complies with FEMA Bulletin W-17013a, and I find persuasive the reasoning of other courts in this district that have rejected this theory. *See, e.g.*, *Raulerson*, 2025 WL 1133767, at *4 (rejecting the argument that compliance with the statute of limitations required compliance with the bulletin); *Bahama Club v. Hartford Ins. Co. of the Midwest*, No. 2:25-CV-209-SPC-NPM, 2025 WL 1476489, at *2 (M.D. Fla. May 22, 2025).

The November 1 letter was "sufficient to put [the Karlzens] on notice that a part of [their] claim ha[d] been disallowed" and therefore triggered the statute of limitations. *Butler*, 2026 WL 1529395, at *3 (citation modified). The letter quoted the relevant terms of the Policy that limited coverage for their requests. *See* Denial Letter at 3 (stating that Selective "*must deny* any claim made for contents" and that the "claim for [the hot tub] *must be denied*" (emphasis added)). The letter referred the Karlzens to an attached FEMA summary of policyholder rights "[i]f [they did] not agree with Selective's decision to *deny* [their] claim." *Id.* (emphasis added). The FEMA summary prominently featured information on filing a lawsuit, including that the

8

lawsuit must be filed "within one year of when your insurer denied all or part of your claim." *Id.* at 4.

The letter provided clear notice that Selective disallowed part of the Karlzens' claim. Thus, the statute of limitations began to run on November 1, 2024. Because the Karlzens filed their complaint more than one year later, their claim is time barred. Accordingly, I dismiss the claim with prejudice because amendment would be futile. *See Bruce v. U.S. Bank Nat'l Ass'n*, 770 F. App'x 960, 966–67 (11th Cir. 2019) (per curiam) (affirming dismissal with prejudice where claims were time barred).

## IV.   CONCLUSION

Accordingly, the following is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 9) is **GRANTED.**

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE.**

3. The Clerk is directed to **ENTER** judgment, which shall read "This case is dismissed with prejudice," terminate any pending motions and deadlines, and to **CLOSE** this case.

   **ORDERED** in Tampa, Florida, on June 12, 2026.

Kathryn Kimball Mizelle
United States District Judge

9